# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TITAN CONSORTIUM 1, LLC,<br><br>               Petitioner,<br><br>v.<br><br>THE ARGENTINE REPUBLIC,<br><br>               Respondent. | Case No. 1:21-cv-02250 (JMC)<br><br>**ANSWER TO PETITION** |

      Respondent, the Republic of Argentina (the "Republic"), as and for its Answer to the Petition dated August 24, 2021 (the "Petition"), respectfully states as follows:

      The Republic provides this Answer based on a reasonable inquiry and its knowledge to date. The Republic reserves the right to amend, supplement, revise, clarify, or correct the responses set forth herein. All allegations not expressly admitted in this Answer are denied and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the averment or in the Petition as a whole. Unless otherwise noted, footnotes, headings, and subheadings do not purport to state factual allegations, and therefore no response is required. All answers to allegations in a particular paragraph of the Petition should be construed to apply equally to the allegations contained in the footnotes, headings, or subheadings, if any, accompanying, comprising, or relating to such paragraph of the Petition, unless expressly stated otherwise.

      1.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Petition and therefore denies them.

      2.      The allegations in Paragraph 2 of the Petition constitute conclusions of law as to which no responsive pleading is required. The Republic otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Petition and therefore denies them, except that it admits that the claimants in International Centre for Settlement of Investment Disputes ("ICSID") Case No. ARB/09/1 were Teinver S.A., Transportes de Cercanías S.A. and Autobuses Urbanos del Sur S.A.

3. The Republic admits that it is a foreign state as defined in 28 U.S.C. § 1603(a). The allegations in Paragraph 3 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.

4. The allegations in Paragraph 4 of the Petition constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 4 of the Petition.

5. The allegations in Paragraph 5 of the Petition constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 5 of the Petition.

6. The allegations in Paragraph 6 of the Petition constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 6 of the Petition.

7. The allegations in Paragraph 7 of the Petition constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 7 of the Petition.

8. Paragraph 8 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 for its complete and accurate terms. The allegations in Paragraph 8 of the Petition

otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 8 of the Petition.

9. Paragraph 9 of the Petition purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 for its complete and accurate terms.  The allegations in Paragraph 9 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 9 of the Petition.

10. Paragraph 10 of the Petition purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 for its complete and accurate terms.  The allegations in Paragraph 10 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 10 of the Petition.

11. The Republic admits that it and the Kingdom of Spain are contracting states to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention").  Paragraph 11 of the Petition purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 for its complete and accurate terms.  The allegations in

Paragraph 11 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 11 of the Petition.

12. The Republic admits that on December 12, 2008, Teinver S.A., Transportes de Cercanías S.A. and Autobuses Urbanos del Sur S.A. submitted a request for arbitration against the Republic to ICSID, dated December 11, 2008, which was registered on January 30, 2009. Paragraph 12 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 for its complete and accurate terms.

13. The Republic admits that the arbitral tribunal in ICSID Case No. ARB/09/1 was constituted on January 4, 2010.

14. The Republic admits that the arbitral tribunal in ICSID Case No. ARB/09/1 conducted a 4-day Hearing on Jurisdiction and Provisional Matters in Washington, D.C., from May 27 to May 28 and May 30 to May 31, 2011; a 9-day Hearing on the Merits and Counterclaim in Washington, D.C., from March 4 to March 8 and March 10 to March 13, 2014; and a Hearing on Claimants' Third Application for Provisional Measures in Washington, D.C., on November 3, 2015. The Republic otherwise denies the allegations contained in Paragraph 14 of the Petition.

15. The Republic admits that the arbitral tribunal in ICSID Case No. ARB/09/1 issued its Decision on Jurisdiction on December 21, 2012, and its Award on July 21, 2017. Paragraph 15 of the Petition purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations that are inconsistent with the

contents of the referenced documents and refers to the documents cited in Paragraph 15 for their complete and accurate terms.

16. Paragraph 16 of the Petition purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 16 for their complete and accurate terms. The allegations in Paragraph 16 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.

17. Paragraph 17 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 for its complete and accurate terms. The allegations in Paragraph 17 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.

18. Paragraph 18 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 for its complete and accurate terms. The allegations in Paragraph 18 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.

19. Paragraph 19 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 for its complete and accurate terms. The allegations in Paragraph 19 of the Petition otherwise constitute conclusions of law as to which no responsive pleading is required.

20. The Republic admits that on November 17, 2017, the Republic filed an application for annulment of the Award rendered in ICSID Case No. ARB/09/1. Paragraph 20 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 for its complete and accurate terms.

21. The Republic admits that the *ad hoc* Committee in ICSID Case No. ARB/09/1 was constituted on December 21, 2017.

22. The Republic admits that the *ad hoc* Committee in ICSID Case No. ARB/09/1 held a Hearing on Annulment in Washington, D.C., on February 5 and 6, 2019.

23. The Republic admits that the *ad hoc* Committee in ICSID Case No. ARB/09/1 issued its Decision on Annulment on May 29, 2019. Paragraph 23 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 23 for its complete and accurate terms.

24. The allegations in Paragraph 24 of the Petition constitute conclusions of law as to which no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Petition and therefore denies them.

25. The allegations in Paragraph 25 of the Petition constitute conclusions of law as to which no responsive pleading is required. Paragraph 25 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to

the document mentioned in Paragraph 25 for its complete and accurate terms.

26. The allegations in Paragraph 26 of the Petition constitute conclusions of law as to which no responsive pleading is required. Paragraph 26 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 for its complete and accurate terms.

27. The allegations in Paragraph 27 of the Petition constitute conclusions of law as to which no responsive pleading is required. Paragraph 27 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 27 for its complete and accurate terms.

28. The allegations in Paragraph 28 of the Petition constitute conclusions of law as to which no responsive pleading is required. Paragraph 28 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document mentioned in Paragraph 28 for its complete and accurate terms.

29. The allegations in Paragraph 29 of the Petition constitute conclusions of law as to which no responsive pleading is required. Paragraph 29 of the Petition purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document mentioned in Paragraph 29 for its complete and accurate terms.

30. The Republic admits that the United States is a contracting state to the ICSID Convention. The allegations in Paragraph 30 of the Petition otherwise constitute conclusions of

law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 30 of the Petition.

31.     The allegations in Paragraph 31 of the Petition constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 31 of the Petition.

32.     The allegations in Paragraph 32 of the Petition constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 32 of the Petition.

33.     The allegations in Paragraph 33 of the Petition constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 33 of the Petition.

34.     The allegations in Paragraph 34 of the Petition constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 34 of the Petition.

35.     The allegations in Paragraph 35 of the Petition constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 35 of the Petition.

36.     The allegations in Paragraph 36 of the Petition constitute conclusions of law as to which no responsive pleading is required.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Petition and therefore denies them.

37.     The allegations in Paragraph 37 of the Petition constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic

denies the allegations contained in Paragraph 37 of the Petition.

## DEFENSES

The Republic states the following defenses without, as to any defense, agreeing that it is an affirmative defense or assuming the burden of proof or persuasion as to any element of Petitioner's claims. The Republic repeats its answers to Paragraphs 1 through 37 of the Petition as if fully set forth herein.

### First Defense

38. Petitioner's claims are barred because Petitioner, as the purported assignee, has failed to establish subject-matter jurisdiction.

### Second Defense

39. Petitioner's claims are barred because Petitioner, as the purported assignee who has not yet provided proof of a valid assignment, lacks authority under the ICSID Convention to seek enforcement of the Award rendered in ICSID Case No. ARB/09/1.

### Third Defense

40. Petitioner's claims, including interest claims, are barred all or in part by the applicable statute of limitations and/or prescription period.[1]

### Fourth Defense

41. Petitioner's interest claims on costs and attorneys' fees both through and following the date of judgment are barred because the Annulment Decision does not contemplate or calculate such interest.

---

[1] The Republic recognizes that the Court's Order and Memorandum, ECF Nos. 20, 21 (Aug. 19, 2024), did not accept the Republic's argument to dismiss Petitioner's claims as time-barred, but the Republic preserves this defense here for appellate review.

## RESERVATION OF RIGHTS

The Republic expressly reserves the right to assert any additional allegations, claims, or defenses that may become available, based upon evidence developed in discovery or otherwise, and therefore reserves all rights, including to amend this Answer, assert counterclaims, and/or assert additional defenses.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing Petitioner's claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
        September 3, 2024

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Carmine D. Boccuzzi, Jr. (D.C. Bar # NY0335)
    (cboccuzzi@cgsh.com)
    One Liberty Plaza
    New York, New York 10006
    (212) 225-2508

*Attorney for the Republic of Argentina*