UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TITAN CONSORTIUM 1, LLC,

                Petitioner,

v.

ARGENTINE REPUBLIC,

                Respondent.

Case No. 21-cv-2250 (JMC)

## **MEMORANDUM OPINION**

Petitioner Titan Consortium 1, LLC ("Titan") moves for summary judgment, seeking to enforce an arbitration award against Respondent Argentine Republic ("Argentina"). ECF 1; ECF 25.[1] Over the course of summary judgment briefing, it became clear that Argentina does not dispute Titan's motion, as modified by Titan's reply, ECF 28. Because Titan has demonstrated that it is entitled to summary judgment, the Court will **GRANT** its motion.

## I. BACKGROUND

The Court recounted the history of this case in its prior opinion denying Argentina's motion to dismiss and incorporates that discussion herein. *See Titan Consortium 1, LLC v. Argentine Republic*, No. 21-CV-2250, 2024 WL 3858821, at *1–2 (D.D.C. Aug. 19, 2024). In brief: in the early 2000s, three Spanish companies ("Claimants") invested in two Argentinian airlines. ECF 26 at 10 ¶ 1. In 2008, Claimants sought arbitration before the International Centre for Settlement of Investment Disputes (ICSID), alleging that Argentina violated a treaty it shares with Spain (the

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

"Argentina-Spain Treaty") by unlawfully expropriating the airlines. *Id.* at 11–12 ¶¶ 6, 8; *see* ECF 1-3 (Argentina-Spain Treaty); ECF 25-1 at 50–67 (Claimants' request for arbitration). ICSID is an arbitral institution established by the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention"), an international treaty that lays out procedures for resolving investment disputes involving member states. *See Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela, Ministerio del Poder Popular para Relaciones Exteriores*, 87 F.4th 510, 514–16 (D.C. Cir. 2023) (discussing the ICSID Convention). Argentina, Spain, and the United States are all parties to the ICSID Convention. ECF 26 at 11 ¶ 5.

Claimants prevailed in the arbitration. In July 2017, the ICSID Tribunal agreed that Argentina had violated the treaty and ordered that Argentina pay Claimants $320,760,000 in compensation and $3,494,807 in costs and fees, plus interest. ECF 26 at 13–14 ¶¶ 11–15; *see* ECF 1-1 ¶¶ 865, 925, 1040, 1068, 1147. In November 2017, Argentina filed an application to annul the award. ECF 26 at 14 ¶ 16. ICSID denied that request and ordered Argentina to pay Claimants an additional $1,017,512 for representation costs. *Id.* at 14 ¶¶ 17–19; *see* ECF 1-1 ¶ 257. In November 2020, Claimants assigned their interest in the arbitral award to Titan. ECF 26 at 15–16 ¶¶ 20–24; *see* ECF 25-1 at 5–49 (contracts between Claimants and Titan).

"ICSID is not authorized to enforce arbitration awards . . . Rather, the parties to any such proceeding must rely on the courts of member states to enforce awards issued by an Arbitral Tribunal convened in accordance with the ICSID Convention." *Valores Mundiales, S.L.*, 87 F.4th at 513. Titan therefore filed a petition in this Court to enforce the arbitration award against Argentina. ECF 1. Argentina moved to dismiss the case on statute-of-limitations grounds. ECF 12. The Court determined that Titan's petition was timely and denied Argentina's motion. *Titan Consortium 1, LLC*, 2024 WL 3858821 at *4. Titan filed a motion for summary judgment, asking

2

that the Court order Argentina to pay "(1) $324,254,807 on the Award (comprising $320,760,000 in compensation and $3,494,807 in costs and fees), plus prejudgment interest, compounded semi-annually at the six-month U.S. Treasury Bill rate; (2) $1,017,512 on the Annulment Decision, plus prejudgment interest at the prime rate; and (3) postjudgment interest on all those amounts at the federal statutory postjudgment interest rate." ECF 25 at 32. Argentina filed an opposition but contested only one issue: whether Titan is entitled to prejudgment interest on the Annulment Decision award. ECF 26. In its subsequent reply, Titan withdrew its claim for prejudgment interest on the Annulment Decision award—eliminating the parties' sole point of dispute. ECF 28 at 2.

## II.   LEGAL STANDARD

Titan's motion for summary judgment, as modified by its reply, is uncontested. *See* ECF 26; ECF 28. The burden remains on Titan as the moving party to demonstrate that summary judgment is warranted. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). The Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Id.* (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)).

The Court will grant a motion for summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party and the court must draw all reasonable inferences" in that party's favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011).

This Court's role in enforcing ICSID awards is quite limited. "A district court tasked with enforcement must establish it has subject matter and personal jurisdiction over the matter . . . and authenticate the award." *Valores Mundiales, S.L.*, 87 F.4th at 519. The Court is "not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, [the Court] may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *Id.* at 515 (quoting *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 102 (2d Cir. 2017)). Congress has provided that ICSID awards "be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a).

### III. ANALYSIS

Titan has checked each of the boxes required for the Court to enforce the arbitral award: the Court has subject matter and personal jurisdiction, and the award is authentic. *See Valores Mundiales, S.L.*, 87 F.4th at 519. The Court will therefore grant Titan's unopposed motion for summary judgment, as modified by its reply.

#### a. Subject Matter Jurisdiction

This Court has subject matter jurisdiction under the Federal Sovereign Immunities Act (FSIA) arbitration exception, 28 U.S.C. § 1605(a)(6), which requires (1) an arbitration agreement made by a foreign state either "with" or "for the benefit of" a private party, (2) an arbitration award, and (3) a treaty that potentially governs enforcement of the award. *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1100–01 (D.C. Cir. 2024). In *NextEra*, the D.C. Circuit held that "an arbitration provision in an investment treaty can . . . constitute an agreement 'for the benefit' of a private party." 112 F.4th at 1101. The Argentina-Spain Treaty fits that description:

4

the two countries agreed that a "[d]isput[e] arising between a Party and an investor of the other Party in connection with [covered] investments" can be "submitted to an international arbitral tribunal . . . [a]t the request of either party to the dispute" when certain conditions are met. ECF 1-3 at 6. "That agreement is 'for the benefit' of the signatory's investors, and therefore satisfies the FSIA's arbitration exception." *NextEra Energy Glob. Holdings B.V.*, 112 F.4th at 1103. Like the investment treaty at issue in *NextEra*, the Argentina-Spain Treaty qualifies as an arbitration agreement under Section 1605(a)(6).[2]

There is no dispute that Claimants won an arbitration award and that they subsequently assigned their interest in that award to Titan. *See* ECF 26 at 13–16 ¶¶ 11–24; ECF 1-1 ¶ 1147; *id.* at 645; ECF 25-1 at 5–49 (contracts between Claimants and Titan). Titan is now "the sole holder of all rights in the Award and the Annulment Decision." ECF 25 at 26. Titan's status as an assignee does not divest the Court of subject matter jurisdiction. The FSIA's arbitration exception "require[s] only that an award be made pursuant to an agreement to arbitrate, irrespective of whether the claimant is an assignee." *Gretton Ltd. v. Republic of Uzbekistan*, No. 18-CV-1755, 2019 WL 3430669, at *4 (D.D.C. July 30, 2019) (collecting cases*); see NextEra Energy Glob. Holdings B.V.*, 112 F.4th at 1098, 1111 (exercising subject matter jurisdiction where original claimant had "transferred its rights in the award" to appellant).

Finally, there is no dispute that the ICSID Convention is "a treaty potentially governing award enforcement." *NextEra Energy Glob. Holdings B.V.*, 112 F.4th at 1100. The Convention requires contracting states to "recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award." ICSID Convention art. 54(1); *see*

---

[2] Titan also argues that the Court has subject matter jurisdiction under the FSIA's "waiver" exception, 28 U.S.C. § 1605(a)(1). *See* ECF 25 at 22–24. Because the Court has subject matter jurisdiction under the FSIA's arbitration exception, it need not reach that argument. *Cf. NextEra Energy Glob. Holdings B.V.*, 112 F.4th at 1100 (noting that "[t]he waiver issue remains unsettled in our Circuit" and declining to address it).

*von Pezold v. Republic of Zimbabwe*, No. 23-7109, 2024 WL 4763943, at *2 (D.C. Cir. Nov. 13, 2024) (per curiam) (finding that "the ICSID Convention is the treaty governing the arbitration awards").

In sum: the Argentina-Spain Treaty's arbitration clause is an arbitration agreement "for the benefit of" private parties; Titan holds an arbitration award; and the ICSID Convention governs enforcement of the award. The Court therefore has subject matter jurisdiction under the arbitration exception to the FSIA. 28 U.S.C. § 1605(a)(6); *see NextEra Energy Glob. Holdings B.V.*, 112 F.4th at 1100–01.

### b. Personal Jurisdiction

Argentina has not challenged this Court's personal jurisdiction and has therefore waived any objection to it. *See* Fed. R. Civ. P. 12(h)(1); *see also* 28 U.S.C. § 1330(b) ("Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under [the FSIA]," provided proper service has been made); ECF 9 (serving Argentina).

### c. Authenticity of the Award

The record establishes (and Argentina does not contest) that the awards are authentic. *See* ECF 1-1 at 5 (certifying authenticity of arbitral award); *id.* at 558 (certifying authenticity of Annulment Decision). The Court therefore accords the awards "full faith and credit." 22 U.S.C. § 1650a(a).

\*   \*   \*

For the foregoing reasons, Titan's motion for summary judgment, ECF 25, as modified by its reply, ECF 28, is **GRANTED.** The Court will issue an enforcement order tracking the arbitral award and the Annulment Decision. It is undisputed that that the amount of the judgment should

be determined by adding together five components: (1) $320,760,000 due under the award for compensation, *see* ECF 1-1 at 413 ¶ 1147(d); (2) post-Award, prejudgment interest on that amount "compounded semi-annually at the six-month US Treasury Bill rate commencing on December 30, 2008," *id.* ¶ 1147(e); (3) $3,494,807 due under the award for costs and attorneys' fees, *see id.* ¶ 1147(f); (4) post-Award, prejudgment interest on that amount, compounded semi-annually at the six-month U.S. Treasury Bill rate, from the date of the award, July 21, 2017, *see id.*; and (5) $1,017,512 in representation costs due under the Annulment Decision, *see* ECF 1-1 at 645 ¶ 258(2). Titan submitted an exhibit calculating the total amount owed, ECF 28 at 12–14, which Argentina did not lodge any objection to. Further, there is no dispute that Titan is entitled to postjudgment interest, as required by 28 U.S.C. § 1961(a), "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: December 10, 2024