**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Titan Consortium 1, LLC,<br><br>_Petitioner_,<br><br>v.<br><br>The Argentine Republic,<br><br>_Respondent_. | Civil Action No. 1:21-cv-02250 (JMC) |

**PETITIONER'S MOTION FOR RELIEF PURSUANT TO
<u>28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963</u>**

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 2

ARGUMENT .................................................................................................................................. 4

    I.    A Reasonable Period of Time Has Elapsed Under 28 U.S.C. § 1610(c) ........................... 4

    II.   Good Cause Exists to Register the Judgment in Other Judicial Districts ........................... 7

CONCLUSION .............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Archirodon Constr. (Overseas) Co. Ltd. v. Gen. Co. for Ports of Iraq,*
    2024 WL 3844800 ...........................................................................................................5

*Attestor Master Value Fund LP v. Republic of Arg.,*
    113 F.4th 220 (2nd Cir. 2024) .......................................................................................9

*Attestor Master Value Fund LP v. Republic of Arg.,*
    14-cv-5849, Dkt. 217 (S.D.N.Y. Apr. 2, 2026) ...................................................1, 2

*Bainbridge Fund Ltd. v. Republic of Arg.,*
    No. 16-8605 (S.D.N.Y. Mar. 5, 2025) ...........................................................................9

*BASF Corp. v. Old World Trading Co.,*
    979 F.2d 615 (7th Cir. 1992) .....................................................................................6, 7

*Bavelis v. Doukas,*
    2021 WL 3508078 (S.D. Ohio Aug. 10, 2021)...........................................................8

*Chevron Corp. v. Republic of Ecuador,*
    987 F. Supp. 2d 82 (D.D.C. 2013)...........................................................................10

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.,*
    2017 WL 6349729 (D.D.C. June 9, 2017).........................................................4, 5, 8

*Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.,*
    2022 WL 36731 (W.D. Wa. Jan. 3, 2022) ...................................................................6

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,*
    636 F.2d 755 (D.C. Cir. 1980).......................................................................................6

*Ferrostaal Metals Corp. v. S.S. Lash Pacifico,*
    652 F. Supp. 420 (S.D.N.Y. 1987)...............................................................................5

*Gadsby & Hannah v. Socialist Republic of Rom.,*
    698 F. Supp. 483 (S.D.N.Y. 1988).........................................................................4, 5

*Kapar v. Islamic Republic of Iran,*
    105 F. Supp. 3d 99 (D.D.C. 2015)...............................................................................4

*LLC SPC Stileks v. Republic of Mold.,*
    2023 WL 2610501 (D.D.C. Mar. 23, 2023)................................................................4

ii

*McCarthy v. Johnson*,
  2022 WL 16834019 (D.D.C. Nov. 9, 2022) ..................................................................8

*Mwila v. Islamic Republic of Iran*,
  2019 WL 13134796 (D.D.C. May 15, 2019)..............................................................9, 10

*Ned Chartering & Trading, Inc. v. Republic of Pak.*,
  130 F. Supp. 2d 64 (D.D.C. 2001) ..............................................................................5

*Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*,
  309 F.R.D. 66 (D.D.C. 2015)...............................................................................8, 10

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*,
  419 F. Supp. 3d 51 (D.D.C. 2019) ..............................................................................5

*Owen v. Soundview Fin. Grp., Inc.*,
  71 F. Supp. 2d 278 (S.D.N.Y. 1999)...........................................................................8

*Owens v. Republic of Sudan*,
  141 F. Supp. 3d 1 (D.D.C. 2015) .....................................................................4, 5, 6, 7

*Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez.*,
  2021 WL 6644369 (D.D.C. July 13, 2021)...............................................................5, 7

*Spray Drift Task Force v. Burlington Bio-Med. Corp.*,
  429 F. Supp. 2d 49 (D.D.C. 2006) .........................................................................8, 10

*Wye Oak Tech., Inc. v. Republic of Iraq*,
  2023 WL 7112801 (D.D.C. Oct. 27, 2023) ........................................................ *passim*

**Statutes**

22 U.S.C. § 1650a ........................................................................................................2

28 U.S.C. § 1610(c) ........................................................................................ *passim*

28 U.S.C. § 1963.............................................................................................. *passim*

Foreign Sovereign Immunities Act.........................................................................9

Under the Foreign Sovereign Immunities Act.......................................................4

**Other Authorities**

Fed. R. Civ. P. 62(b) ...............................................................................................3, 6

Federal Rule of Civil Procedure 69(a)(2) ...................................................................3

H.R. Rep. No. 1487, 94th Cong., 2d Sess. 1, 30 (1976) ............................................4

Petitioner Titan Consortium 1, LLC ("Titan") hereby moves for a determination pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since this Court entered judgment on December 10, 2024, against Respondent the Republic of Argentina ("Argentina"), such that Titan may attach and execute on Argentina's assets in satisfaction of this Court's judgment. Titan also requests that the Court enter an order pursuant to 28 U.S.C. § 1963 granting Titan permission to register the judgment in other judicial districts of the United States. Argentina opposes the relief sought by Titan in this motion.

In the more than sixteen months that have elapsed since this Court entered a more than $390 million judgment against it, Argentina has not paid a single dollar in satisfaction of the judgment. Nor has it posted a supersedeas bond or provided any assurances whatsoever that it will pay all—or even part of—the judgment. And despite diligent efforts by Titan over several months, Titan has been unable to make substantial progress towards an agreement with Argentina to resolve the debt. Titan thus is left only to enforce this Court's judgment. Titan accordingly requests that this Court determine that a reasonable time has elapsed after judgment to permit Titan to begin seeking to attach and execute on assets to enforce this Court's judgment. Furthermore, because Titan has not been able to discover assets in the District of Columbia sufficient to satisfy its $390 million judgment but has reason to believe that substantial executable assets are located in other judicial districts—such as the Southern District of New York—Titan also requests that this Court grant it leave to register the judgment for enforcement in other judicial districts.

This relief is especially warranted now in light of recent developments in the Southern District of New York. For several years, certain creditors of Argentina have had under attachment Argentina's reversionary interest in certain collateral accounts held at the Federal Reserve Bank of New York arising from Argentina's 1993 issuance of certain bonds known as the Brady Bonds.

1

*See Attestor Master Value Fund LP v. Republic of Argentina*, 14-cv-5849, Dkt. 217, at 1 (S.D.N.Y. Apr. 2, 2026).  Argentina now has reached a settlement of the underlying dispute with the creditors who attached Argentina's property.  *See id.* at Dkt. 215 (Mar. 10, 2026).  That settlement is expected to be finalized by April 30, 2026, *see id.* at Dkt. 217, at 6, after which time the levies of the settling creditors on Argentina's property presumably will be dissolved.  Yet, Titan is unable to stake a claim to those funds—or to any other assets of Argentina's—until this Court authorizes it to execute on its judgment and to register the judgment in districts where such assets may be found. The Court should therefore grant this motion.

## BACKGROUND

Titan and its predecessors in interest ("Claimants") have been waiting more than fifteen years for relief from Argentina's expropriation in 2008 of Claimants' investment in two Argentinian airlines.  Dkt. 20 at 3.  A three-member tribunal constituted pursuant to the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention") determined that Argentina's expropriation of the airlines violated multiple provisions of a bilateral investment treaty between Argentina and Spain, in which Argentina had committed to provide fair treatment to Spanish companies investing in Argentina—like Claimants—and to refrain from interfering with or expropriating their investments.  Dkt. 25 at 3-4, 6.  In July 2017, the tribunal awarded Claimants $320,760,000 in compensation and $3,494,807 in costs and fees, plus interest (the "Award").  Dkt. 30 at 2.  And in May 2019, an *ad hoc* committee constituted pursuant to the ICSID Convention denied Argentina's request to annul the Award and awarded Claimants an additional $1,017,512 for representation costs (the "Annulment Decision"). *Id.*

After Argentina failed to voluntarily pay the Award, Titan—to which Claimants assigned

their interests in the Award—brought this action in August 2021 to confirm the Award and convert it to a U.S. judgment pursuant to the ICSID Convention and its implementing legislation, 22 U.S.C. § 1650a.  Dkt. 1; *see* Dkt. 30 at 2.  Argentina moved to dismiss on statute of limitations grounds, Dkt. 12, but on August 19, 2024, the Court denied the motion, Dkt. 25.

On December 10, 2024, this Court granted summary judgment to Titan.  Dkt. 30.  Argentina did not dispute this Court's subject-matter jurisdiction over this action, Titan's ownership of all rights in the Award, or Titan's entitlement to entry of judgment enforcing the Award and the Annulment Decision.  *See* Dkt. 28 at 1.  Instead, besides reserving its statute of limitations argument, Argentina objected to only one small aspect of the relief Titan sought; after Titan withdrew that request, the summary judgment motion was unopposed.  *Id.* at 1-2.  This Court thus entered judgment for Titan in the amount it requested, the calculation of which Argentina also did not dispute:  $390,907,115.55, plus post judgment interest.  Dkt. 31; *see* Dkt. 30 at 6-7.

Argentina's appeal from the judgment, No. 25-7007 (D.C. Cir. 2025), remains pending in the D.C. Circuit.  But Argentina has not posted a bond or otherwise sought a stay of enforcement pending appeal.  Fed. R. Civ. P. 62(b).  Nor has Argentina given *any* indication that it intends to pay the judgment or that it has taken any steps toward doing so.

Given Argentina's failure to make any attempt to pay its debt, the only way the judgment currently can be satisfied is for Titan to identify assets of Argentina that can be attached in aid of execution of the judgment.  Beginning in January 2025, therefore, Titan served post judgment discovery requests pursuant to Federal Rule of Civil Procedure 69(a)(2) on Argentina and several financial institutions with knowledge of Argentina's assets and financial activities in the United States—including the Federal Reserve Bank of New York and The Clearing House Payments Company L.L.C.  *See* Declaration of Matthew D. McGill in Support of Petitioner's Motion for

3

Relief Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 ("McGill Decl.") ¶ 4.  Although Argentina has made limited productions pursuant to Titan's discovery requests, Titan's discovery efforts have not yet identified readily attachable assets of Argentina's in this District sufficient to satisfy the judgment.  *Id.* ¶ 5.  But Titan believes that Argentina may have substantial attachable assets in the State of New York.  *Id.* ¶ 4.

**ARGUMENT**

**I.      A Reasonable Period of Time Has Elapsed Under 28 U.S.C. § 1610(c)**

Under the Foreign Sovereign Immunities Act, when a court enters judgment against a foreign state or instrumentality, the judgment creditor may not attach or execute on the foreign state's property located in the United States in satisfaction of that judgment "until the court has … determined that a reasonable period of time has elapsed following the entry of judgment."  28 U.S.C. § 1610(c).  Though "[t]he statute does not specify how courts should assess a reasonable time," *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017), courts generally consider three factors: (1) the "procedures … that may be necessary for payment of a judgment by a foreign state," (2) evidence of "steps being taken to satisfy the judgment," and (3) evidence the foreign state is attempting to "frustrate satisfaction of the judgment."  *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (quoting H.R. Rep. No. 1487, 94th Cong., 2d Sess. 1, 30 (1976)).

Applying these factors, courts have found that a "reasonable time" can be a "'period of a few months'" or even "as short as six weeks."  *LLC SPC Stileks v. Republic of Moldova*, 2023 WL 2610501, at *2 (D.D.C. Mar. 23, 2023) (citing *Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 108 (D.D.C. 2015)); *see, e.g.*, *Crystallex*, 2017 WL 6349729, at *1 (60 days was reasonable given Venezuela's "failure to assert that it is attempting to pay the judgment or provide any

4

evidence of such efforts"); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months was reasonable given the "absence of any evidence that defendants are making efforts to pay these judgments voluntarily"); *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks was reasonable because "[s]uch a period of time is sufficient for most governments to pass the minor legislation necessary to appropriate funds, and to organize and transfer the appropriate assets," and because "there is no evidence that the defendant has taken any steps towards the payment of its debt," while "there is at least some evidence that the defendant is actually attempting to evade its obligation"); *Gadsby & Hannah*, 698 F. Supp. at 486 (two months was reasonable); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months would be reasonable). As this Court has noted, "courts are more likely to find a reasonable time has elapsed where no evidence of an attempt to pay judgment is offered." *Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, 2021 WL 6644369, at *2 (D.D.C. July 13, 2021) (finding that "four months fits well within what courts have determined constitutes a reasonable time under § 1610(c)").

Here, over sixteen months have elapsed since this Court's December 10, 2024, judgment, well beyond the time period courts typically consider reasonable. The "reasonable period of time" is "meant to allow the foreign government sufficient time to work through its internal procedures to satisfy the judgment," but in sixteen months, Argentina has not pointed "to any mechanism or internal procedures through which it will satisfy the judgment." *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 54-55 (D.D.C. 2019). Indeed, Argentina has failed "to assert that it is attempting to pay the judgment or provide any evidence of such efforts." *Crystallex*, 2017 WL 6349729, at *1. This "absence of progress towards paying a judgment weighs against an extended pause prior to permitting attachment." *Id.* (citing *Ownes*, 141 F. Supp. 3d at 8; *Ned*

*Chartering*, 130 F. Supp. 2d at 67); *see also Archirodon Constr. (Overseas) Co. Ltd. v. Gen. Co. for Ports of Iraq*, 2024 WL 3844800, at *9 (granting a 1610(c) motion when defendants "offered no evidence that it is making efforts to satisfy the judgment" (citation omitted)).

The productions Argentina has made in response to Titan's discovery requests does not amount to an "assurance[] that [it] intend[s] to pay." *Wye Oak Tech., Inc. v. Republic of Iraq*, 2023 WL 7112801, at *6 (D.D.C. Oct. 27, 2023). Courts do not permit debtors to delay indefinitely a reasonable time determination under Section 1610(c) simply by responding to discovery requests while making no effort to pay their debts. *See, e.g.*, *Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*, 2022 WL 36731, at *2 & n.1 (W.D. Wa. Jan. 3, 2022) (granting § 1610(c) motion after noting that the judgment debtor had provided post judgment discovery responses). Argentina's refusal to take any voluntary steps to satisfy the judgment indicates that Argentina is "keen to avoid [its] obligation to pay the judgment." *Wye Oak*, 2023 WL 7112801, at *6; *see also Owens*, 141 F. Supp. 3d at *9 ("In the absence of any evidence that defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause."). This Court should therefore find that a sufficient period of time has elapsed after entry of judgment to permit Titan to attach and execute on assets of Argentina to satisfy its judgment.

Likewise, the fact that Argentina's D.C. Circuit appeal remains pending does not counsel against the issuance of a Section 1610(c) order. It is a basic principle of U.S. law that the filing of an appeal does not stay a judgment. *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992) ("An appeal by the loser does not eliminate the winner's entitlement to immediate payment."). Instead, Rule 62(b) ordinarily allows a party to obtain a stay of the judgment pending appeal only by posting a supersedeas bond or other equivalent security. *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("Because the stay operates for the

6

appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances."); *see also BASF*, 979 F.2d at 616 (holding that although an appeal by the judgment debtor does not eliminate the creditor's entitlement to immediate payment, "it does create the opportunity to obtain a stay by posting a supersedeas bond"); *Wye Oak*, 2023 WL 7112801, at *3 ("As a general matter, the filing of an appeal does not stay a judgment.").

Accordingly, this Court has repeatedly held that Section 1610(c) does not "limit[] relief only upon a final, non-appealable judgment" but "indicat[es] that any entry of judgment will suffice," regardless of whether an "appeal is pending." *Saint Gobain*, 2021 WL 6644369, at *3; *see Owens*, 141 F. Supp. 3d at 9-11 (rejecting Sudan's attempt to read "nonappealable finality" into Section 1610(c), among other reasons because "§ 1610(c)'s reasonable-period requirement is to allow foreign states the opportunity to make arrangements for voluntary payment … not to give foreign states an automatic stay of execution pending the resolution of post judgment motions" or the reaching of certain "procedural milestones"). Argentina has never posted a bond nor sought any stay of the judgment pending appeal, so the pendency of its appeal does not excuse or justify its refusal to pay the judgment or provide any basis to resist entry of a Section 1610(c) order.

Because Argentina has taken no steps to voluntarily satisfy the December 2024 judgment against it and has not demonstrated any intention to satisfy the judgment, this Court should determine that a reasonable time has elapsed under Section 1610(c).

## II.    Good Cause Exists to Register the Judgment in Other Judicial Districts

Titan also respectfully requests that the Court enter an order pursuant to 28 U.S.C. § 1963 granting Titan permission to register the judgment in other judicial districts of the United States where Argentina may have assets, including the Southern District of New York. Section 1963

provides that a "judgment in an action for the recovery of money or property entered in any … district court … may be registered … in any other district … when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown."  28 U.S.C. § 1963.  "'[G]ood cause can be established by an absence of assets in the judgment forum'"—or at least "'insufficient [property] … to satisfy the judgment'"— "'coupled with the presence of substantial assets in the registration forum.'"  *Crystallex*, 2017 WL 6349729, at *2; *Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (collecting cases).  Other factors "relevant to the good cause analysis [are] a defendant's failure to post a supersedeas bond" and its "post-judgment 'track record,'" and "these considerations could independently satisfy § 1963's good-cause requirement."  *Wye Oak*, 2023 WL 7112801, at *7 n.7.  Because Argentina's appeal from the judgment remains pending, Titan respectfully requests an order from this Court determining that good cause exists for Titan to register its judgment outside of this district.

Titan meets its "minimal" burden to establish "good cause" for an order pursuant to Section 1963.  *Crystallex*, 2017 WL 6349729, at *2; *Bavelis v. Doukas*, 2021 WL 3508078, at *2 (S.D. Ohio Aug. 10, 2021).  It is enough that, for the reasons stated herein and in the attached declaration of Matthew D. McGill, counsel reasonably believes that Argentina lacks readily attachable commercial "assets in the District of Columbia" sufficient to satisfy the judgment "but possesses assets elsewhere," specifically in the Southern District of New York.  *Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51-52 (D.D.C. 2006); *see also Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (Section 1963 order is warranted where attorney declaration states "belie[f]" that judgment debtor has "'substantial assets'" in other jurisdictions); *McCarthy v. Johnson*, 2022 WL 16834019, at *6

8

(D.D.C. Nov. 9, 2022) (same).  To date, Titan has been unable to identify attachable assets in the District of Columbia sufficient to satisfy this Court's over $390 million judgment.  McGill Decl. ¶ 5.  Meanwhile, Titan believes that Argentina has substantial assets in the Southern District of New York; indeed, Argentina has at least its remaining interest in the Brady Bonds collateral accounts of more than $250 million held at the Federal Reserve Bank of New York.  *See id.* ¶ 4; *see also* Dkt. 183, *Bainbridge Fund Ltd. v. Republic of Argentina*, No. 16-8605 (S.D.N.Y. Mar. 5, 2025) (valuing collateral accounts at more than $250 million).  The Second Circuit already has ruled that Argentina owns interest in the collateral accounts, that it is in New York, and that it is subject to attachment under the Foreign Sovereign Immunities Act, and turnover under New York law.  *See Attestor Master Value Fund LP v. Republic of Argentina*, 113 F.4th 220 (2nd Cir. 2024).  And after Argentina's settlement with the attaching creditors, those same assets (or what remains of them) potentially could be seized by other judgment creditors of Argentina.  Titan cannot do that—or establish a priority claim to any other assets that could be used to satisfy the judgment in this case—unless and until this Court allows Titan to enforce and register the judgment in the Southern District of New York.  This is sufficient to demonstrate good cause to register the judgment in the Southern District of New York. *See Mwila v. Islamic Republic of Iran*, 2019 WL 13134796, at *2 (D.D.C. May 15, 2019) (granting Section 1963 motion against Sudanese defendants where plaintiffs' counsel believed that New York banks held Sudanese assets); *Wye Oak*, 2023 WL 7112801, at *7 (finding good cause to register the judgment where defendants did not "have sufficient assets in this district to satisfy [an] approximately $120 million judgment" and plaintiff's counsel demonstrated in a declaration that defendants "may have attachable assets in the Southern District of New York").

9

Permission to register the judgment in other districts is particularly warranted here because Argentina has "provided no assurance that it intends to pay." *Non-Dietary Exposure*, 309 F.R.D. at 69; *see also Spray Drift*, 429 F. Supp. 2d at 51 (granting permission because the debtor had "offered no assurances that it will pay the Award or comply with a court-ordered bond"). In the sixteen months that have elapsed since this Court entered its judgment, Argentina has not paid a penny on the judgment, nor has it offered other assurances that it intends to voluntarily comply with this Court's judgment, and it has not posted a supersedeas bond. Thus, Argentina's poor "post-judgment 'track record'" provides further good cause to register the judgment outside this district. *Wye Oak*, 2023 WL 7112801, at *7 n.7.

Finally, although Titan believes a substantial portion of Argentina's assets are presently located in New York, these assets, in addition to others that may be revealed in post judgment discovery, are "potentially mobile." *Chevron Corp. v. Republic of Ecuador*, 987 F. Supp. 2d 82, 85 (D.D.C. 2013). Titan therefore requests that the Court grant permission to register the judgment in "any or all other districts" to prevent Argentina from "mov[ing] assets from district to district to prevent their seizure." *Mwila*, 2019 WL 13134796, at *3.

### CONCLUSION

For these reasons, Titan respectfully requests that the Court enter an order pursuant to 28 U.S.C. § 1610(c) finding that a reasonable period of time has elapsed following this Court's entry of the judgment to permit attachment and execution, and an order pursuant to 28 U.S.C. § 1963 granting Titan leave to register this Court's judgment for enforcement in other judicial districts.

Dated: April 29, 2026                                    Respectfully submitted,


                                              By:  */s/ Matthew D. McGill*
                                                    Matthew D. McGill, D.C. Bar #481430
                                                    Matthew.mcgill@kslaw.com
                                                    KING & SPALDING LLP
                                                    1700 Pennsylvania Ave., N.W.. Suite 900
                                                    Washington, DC 20006
                                                    Telephone: 202.626.2644

                                                    *Attorneys for Titan Consortium 1, LLC*

11

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 29, 2026, I caused a true and correct copy of the foregoing Motion for Relief Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ *Matthew D. McGill*
Matthew D. McGill

12