**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Titan Consortium 1, LLC,

        *Petitioner*,

    v.

The Argentine Republic,

        *Respondent*.

Case No. 1:21-cv-02250 (JMC)

**THE REPUBLIC OF ARGENTINA'S OPPOSITION TO PETITIONER'S MOTION FOR
RELIEF PURSUANT TO 28 U.S.C. § 1610(c) AND 28 U.S.C. § 1963**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................ 1

BACKGROUND ................................................................................................ 2

    A.    Titan's Judgment Is Currently Subject To Appeal ................................... 2

    B.    The Brady Collateral Has Already Been Executed Upon By
    Other Plaintiffs ........................................................................................ 2

ARGUMENT ..................................................................................................... 3

    I.    TITAN HAS NOT SHOWN GOOD CAUSE FOR
    GRANTING ITS 28 U.S.C. § 1963 MOTION ......................................... 3

    II.    TITAN'S REQUEST FOR A 28 U.S.C. § 1610(c) ORDER
    SHOULD BE DENIED ............................................................................. 6

CONCLUSION.................................................................................................. 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bavelis v. Doukas*,
No. 2:17-CV-00327, 2021 WL 3508078 (S.D. Ohio Aug. 10, 2021) .......................... 4

*Boeing Co. v. KB Yuzhnoye*,
No. CV 13-00730-AB, 2018 WL 735971 (C.D. Cal. Feb. 6, 2018)............................ 5

*Conn. Bank of Com. v. Republic of Congo*,
309 F.3d 240 (5th Cir. 2002) ................................................................... 6, 7

*Equal Rts. Ctr. v. Post Props., Inc.*,
246 F.R.D. 29 (D.D.C. 2007).................................................................... 5

*Ferrostaal Metals Corp. v. S.S. Lash Pacifico*,
652 F. Supp. 420 (S.D.N.Y. 1987)................................................................. 6

*Gadsby & Hannah v. Socialist Republic of Romania*,
698 F. Supp. 483 (S.D.N.Y. 1988)................................................................. 6

*LLC SPC Stileks v. Republic of Moldova*,
No. 14-cv-1921, 2023 WL 2610501 (D.D.C. Mar. 23, 2023) .................................... 7

*Monge v. Rojas*,
150 F. Supp. 3d 1244 (D.N.M. 2015) ............................................................ 4

*Ned Chartering & Trading, Inc. v. Republic of Pakistan*,
130 F. Supp. 2d 64 (D.D.C. 2001)................................................................. 6

*Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*,
309 F.R.D. 66 (D.D.C. 2015)...................................................................... 4

*Spray Drift Task Force v. Burlington Bio-Med. Corp.*,
429 F. Supp. 2d 49 (D.D.C. 2006)................................................................. 4

*Stati v. Republic of Kazakhstan*,
No. 14-1638, 2018 WL 11409986 (D.D.C. Nov. 13, 2018) ...................................... 5

*U.S. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
456 F. Supp. 2d 46 (D.D.C. 2006)................................................................. 5

*Wye Oak Tech., Inc. v. Republic of Iraq*,
No. 1:10-cv-1182-RCL, 2023 WL 7112801 (D.D.C. Oct. 27, 2023) ........................... 6

**Rules and Statutes**

28 U.S.C. § 1610(c) ..................................................................................................... 1, 6, 7

28 U.S.C. § 1963 .......................................................................................................... 1, 2, 3

**Other Authorities**

30 Am. Jur. 2d Executions, Etc. § 722 (2d ed. 2021) ......................................................... 3–4

30 Am. Jur. 2d Executions, Etc. § 723 (2d ed. 2021) ......................................................... 3

Opinion, *Attestor Master Value Fund LP v. The Republic of Argentina*,
No. 22-2301 (2d Cir. Aug. 21, 2024), Dkt. No. 321-1 .................................................. 5

Stipulation & Order, *Bybrook Cap. Master Fund LP v. The Republic of Argentina*,
No. 21-cv-02060-LAP (S.D.N.Y. Mar. 5, 2025), Dkt. No. 50 ..................................... 2, 3, 4

Order, *Bybrook* (Apr. 2, 2026), Dkt. No. 74 ....................................................................... 3, 5

*Titan Consortium 1, LLC v. Argentine Republic*, No. 25-7007 (D.C. Cir. 2025),
Dkt. Nos. 32–33 ............................................................................................................. 1

Mem. in Opp'n to Mot. to Compel, *Wye Oak* (Nov. 17, 2023), Dkt. No. 594 ................... 6

Pl.'s Cross Mot. to Compel Produc. of Documents and Opp'n to Mot. for Protective
Order, *Wye Oak* (Nov. 3, 2023), Dkt. No. 589 ............................................................. 6

Respondent the Republic of Argentina (the "Republic") respectfully submits this Opposition to Petitioner Titan Consortium 1, LLC ("Titan")'s Motion for Relief pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963, dated April 29, 2026, Dkt. No. 37 ("Motion" or "Mot.").

## PRELIMINARY STATEMENT

Titan's Motion seeks relief pursuant to 28 U.S.C. § 1963 and § 1610(c) in connection with its December 10, 2024 Judgment. The Motion is at best premature and should be denied.

*First*, the judgment is currently pending on appeal in the U.S. Court of Appeals for the D.C. Circuit. *Titan Consortium 1, LLC v. Argentine Republic*, No. 25-7007 (D.C. Cir. 2025), Dkt. Nos. 32–33. Titan has not established good cause to warrant an exception to the presumption that no judgment registration in another district should occur while an appeal from that judgment is pending.

*Second*, given Titan's acknowledgement that there are no assets of the Republic in this District that could be appropriately seized, there is no reason to grant the orders Titan seeks unless and until there is actually some asset in some other jurisdiction that it can proceed against. Titan proffers the Southern District of New York as one such district. But the purported asset it points to in that district—involving collateral backing Brady bonds issued by the Republic over thirty years ago—has already been seized by *other* Republic creditors and is in fact funding a settlement with those creditors. Titan surely knows this as the information concerning those assets and those creditors is publicly available on the S.D.N.Y. docket. Indeed, to the extent Titan's plan is to try to disrupt that settlement (something that it would have no legal basis to do), such conduct plainly is not the "good cause" required by Congress to allow execution at this stage. To the extent Titan has otherwise sought discovery to determine the existence of assets it might use to satisfy its

judgment, the Republic has engaged in that discovery and not asserted that the lack of a Section 1610(c) or Section 1963 order means that discovery should not proceed.

## BACKGROUND

### A.    Titan's Judgment Is Currently Subject To Appeal

Titan has a judgment in the amount of $390,907,115.55 plus post-judgment interest against the Republic. Dkt. Nos. 30–31. The Republic timely appealed this Court's denial of the Republic's defense that Titan's action was barred under the appropriate statute of limitations. The appeal is fully briefed and argument was heard on October 30, 2025. *See Titan Consortium 1, LLC v. Argentine Republic*, No. 25-7007 (D.C. Cir. 2025). The appeal remains pending.

In parallel, Titan has served post-judgment discovery requests on the Republic, and the Republic has made 11 productions totaling over 63,000 pages over the course of nearly twelve months.

### B.    The Brady Collateral Has Already Been Executed Upon By Other Plaintiffs

In support of its requests for relief, Titan points to collateral accounts associated with the Republic's issuance of certain bonds in the early 1990s (the "Brady Bonds"). *See* Mot. at 1, 9. The collateral associated with the Brady Bonds consists of principal collateral and interest collateral. The Republic's purported interest in the Brady Bonds principal collateral was executed upon in March 2025. *See* Stipulation & Order, *Bybrook Cap. Master Fund LP v. The Republic of Argentina* ("*Bybrook*"), No. 21-cv-02060-LAP (S.D.N.Y. Mar. 5, 2025), Dkt. No. 50. Accordingly, the Federal Reserve Bank of New York ("FRBNY") transferred all but $96 million of the $255,466,017.20 and €52,754,220.47 it held as Brady Bond principal collateral to certain plaintiffs with judgments on defaulted Republic-issued bonds (the "Attestor Plaintiffs"). *Id.*[1] At the time,

---

[1] The Attestor Plaintiffs are Attestor Master Value Fund LP, Trinity Investments Limited, Bybrook Capital Master Fund LP, Bybrook Capital Hazelton Master Fund LP, White Hawthorne, LLC,

the remaining $96 million was the subject of a priority dispute between the Attestor Plaintiffs and another Republic judgment creditor, Bainbridge Fund Ltd. ("Bainbridge"). *Id.* at 2–6. Those plaintiffs have now settled that dispute, so in April 2026, the remaining $96 million in principal collateral was transferred to an escrow account for their benefit, and the Republic has no rights to it. *See* Order, *Bybrook* (Apr. 2, 2026), Dkt. No. 74. As to the Brady interest collateral at the FRBNY, that is subject to claims by remaining holders of the Brady Bonds. *See* Stipulation & Order at 4, *Bybrook*, Dkt. No. 50; Order at 4, *Bybrook*, Dkt. No. 74.

**ARGUMENT**

## I.     TITAN HAS NOT SHOWN GOOD CAUSE FOR GRANTING ITS 28 U.S.C. § 1963 MOTION

The Court should deny Titan's request that it be permitted to register the Judgment "in other judicial districts" pursuant to 28 U.S.C. § 1963. Mot. at 7. Section 1963 provides that "[a] judgment in an action for the recovery of money or property . . . may be registered by filing a certified copy of the judgment in any other district . . . *when the judgment has become final by appeal or expiration of the time for appeal* . . ." 28 U.S.C. § 1963 (emphasis added). When an appeal is pending, registration in other districts is allowed only "for good cause shown." *Id.*; *see also* 30 Am. Jur. 2d Executions, Etc. § 723 (2d ed. 2021) ("The *only* exception *to the rule* that registration of judgments for enforcement in other districts may only occur where a judgment or order is final for purposes of appeal, is where the district court makes a 'good cause' determination.") (emphases added). A showing of good cause under Section 1963 is moreover subject to a presumption that "[o]nly those judgments which have become final by appeal or by expiration of the time for appeal may be registered under the federal registration statute." 30 Am.

---

White Hawthorne II, LLC, and Bison Bee LLC. *See* Stipulation & Order at 2, *Bybrook*, Dkt. No. 50.

Jur. 2d Executions, Etc. § 722 (2d ed. 2021); *see Monge v. Rojas*, 150 F. Supp. 3d 1244, 1250 (D.N.M. 2015) (explaining that "final judgments have a specific meaning under § 1963. They must be 'final by appeal or expiration of the time for appeal.'").

Good cause requires a showing that the defendant "lacks assets in the District of Columbia but possesses assets elsewhere." *See Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51–52 (D.D.C. 2006) (Mot. at 8). This requires affirmative evidence of both the "absence of assets in the judgment forum" and "the presence of substantial assets in the registration forum." *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (citation omitted); *see also* Mot. at 8 (collecting cases noting the same requirement).[2]

Titan has failed to make that showing here. Titan identifies only one purported asset—the "remaining interest in the Brady Bonds collateral accounts of more than $250 million held at the Federal Reserve Bank of New York"—which it claims is present in the Southern District of New York. Mot. at 9. But that is incorrect. As publicly available filings show, the Republic's purported interest in the Brady Bonds principal collateral was executed upon by other Republic creditors and was recently extinguished to satisfy those creditors' judgments pursuant to court order. *See* Stipulation & Order, *Bybrook*, Dkt. No. 50. In March 2025, pursuant to an order of the U.S. District Court for the Southern District of New York, the FRBNY transferred all but $96 million of the $255,466,017.20 and €52,754,220.47 held as Brady Bond principal collateral to the Attestor Plaintiffs. The remaining $96 million was not transferred because there was an ongoing dispute between the Attestor Plaintiffs and Bainbridge regarding who between them had a priority right to

---

[2] *Bavelis v. Doukas*, No. 2:17-CV-00327, 2021 WL 3508078, at \*2 (S.D. Ohio Aug. 10, 2021), cited in Mot. at 8, is both out-of-circuit and distinguishable. There, the court found good cause based on an egregious pattern of fraudulent conduct by the defendant, facts that are clearly absent here.

those funds.  *Id.* at 2–6.  In April 2026, based on a subsequent agreement between the Attestor Plaintiffs and Bainbridge, the remaining $96 million was transferred to an escrow account, to which the Republic has no rights.  *See* Order, *Bybrook*, Dkt. No. 74.  And any remaining interest collateral is subject to claims from the remaining holders of Brady Bonds.  *See* Opinion at 5–7, *Attestor Master Value Fund LP v. The Republic of Argentina*, No. 22-2301 (2d Cir. Aug. 21, 2024), Dkt. No. 321-1.

These facts are available on the public docket.  Importantly, they could also have been raised in the context of the meet and confer that ought to have preceded Titan's Motion and that Titan skipped in favor of a perfunctory email providing less than one day's notice, which this Court has rejected as insufficient to comply with the requirements of D.D.C. Local Rule 7(m).  *See, e.g.*, *Equal Rts. Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) ("Local Rule 7(m) requires something more than an exchange of written correspondence."); *U.S. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006), *aff'd*, 530 F.3d 980 (D.C. Cir. 2008) (finding meet and confer requirement not satisfied where party attempted to confer via email that "effectively gave [the other side] one business day to respond").

All that remains is Titan's speculation that "other[ asset]s . . . may be revealed in post judgment discovery."  *See* Mot. at 10.  As this Court and others have held, such "vague and unsupported assertions fail to establish good cause."  *See Stati v. Republic of Kazakhstan*, No. 14-1638, 2018 WL 11409986, at *4 (D.D.C. Nov. 13, 2018); *Boeing Co. v. KB Yuzhnoye*, No. CV 13-00730-AB, 2018 WL 735971, at *5 (C.D. Cal. Feb. 6, 2018), *aff'd sub nom.*, *Boeing Co. v. Yuzhnoye*, 791 F. App'x 650 (9th Cir. 2019).  And just as there is no basis for Titan to register the

Judgment in the Southern District of New York, it is even more unreasonable to permit Titan to

register the Judgment in "any or all other districts." *See* Mot. at 10 (citation omitted).[3]

## II.   TITAN'S REQUEST FOR A 28 U.S.C. § 1610(c) ORDER SHOULD BE DENIED

Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted *until the court has ordered such attachment and execution* after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

28 U.S.C. § 1610(c) (emphasis added).

By its terms, Section 1610(c) contemplates that a court would make the finding "that a

reasonable period of time has elapsed following the entry of judgment" only *as part of* issuing an

attachment order based on an application to attach or execute upon a *specific* asset. *See Conn.*

*Bank of Com. v. Republic of Congo*, 309 F.3d 240, 249 (5th Cir. 2002), *as amended on denial of*

*reh'g* (Aug. 29, 2002). Indeed, several of the cases Titan itself cites involve a Section 1610(c)

motion in the context of attachment efforts against one or more specific assets. *See Gadsby &*

*Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483 (S.D.N.Y. 1988) (Mot. at 4–5);

*Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420 (S.D.N.Y. 1987) (Mot. at 5); *Ned*

*Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64 (D.D.C. 2001) (Mot. at 5).

---

[3] A lack of a supersedeas bond and "post-judgment track record," *see* Mot. at 8, at most have been recognized as potential factors that may be "relevant to the good cause analysis," and do not override the lack of good cause on the facts here. *See Wye Oak Tech., Inc. v. Republic of Iraq* ("*Wye Oak*"), No. 1:10-cv-1182-RCL, 2023 WL 7112801, at *7 n.7 (D.D.C. Oct. 27, 2023) (Mot. at 8). *Wye Oak* is also distinguishable because there, the defendant had not engaged in post-judgment discovery. *See* Pl.'s Cross Mot. to Compel Produc. of Documents and Opp'n to Mot. for Protective Order, *Wye Oak* (Nov. 3, 2023), Dkt. No. 589; Def.'s Mem. in Opp'n to Mot. to Compel, *Wye Oak* (Nov. 17, 2023), Dkt. No. 594. Here, by contrast, the Republic has been cooperatively engaging in post-judgment discovery for close to a year and has produced over 63,000 pages of documents in that time.

The specific facts here further militate against a generalized Section 1610(c) order. As Titan's own authorities teach, "the length of a reasonable time [under Section 1610(c)] will of course vary according to the nuances of each case." *LLC SPC Stileks v. Republic of Moldova*, No. 14-cv-1921, 2023 WL 2610501, at *2 (D.D.C. Mar. 23, 2023) (citation and internal quotation marks omitted). Following this Court's entry of the Judgment in December 2024, the Republic timely appealed on the basis that Titan's original action was barred by the relevant three-year statute of limitations. The appeal has now been fully briefed and was argued before the D.C. Circuit on October 30, 2025. Given the fact that it has now been over six months since oral argument took place, the D.C. Circuit's ruling on the Appeal is likely imminent and could moot this proceeding. Accordingly, Titan's Motion is premature and it would conserve judicial resources to deny Titan's request under Section 1610(c) without prejudice.

Moreover, Titan fails to identify any attachable asset within the District of Columbia, instead plainly expressing its intent to attempt to execute the Judgment upon assets located *outside* this judicial district. *See* Mot. at 8–9 (noting counsel's belief that the Republic lacks attachable assets in the District of Columbia and that assets may be present in the Southern District of New York). But this of course assumes that Titan even has the right, via a Section 1963 order, to register its judgment in another district. As demonstrated above, it does not.

Nor does Section 1610(c) appear to contemplate such a two-step process, *i.e.*, an initial order from this Court finding that a reasonable period of time has elapsed followed by a separate order from a court in another judicial district granting attachment of specific property. Instead, "[t]he only order mentioned by § 1610(c) is an order actually attaching or executing against property," of which the finding that a reasonable period of time has elapsed is part and parcel. *Conn. Bank of Com.*, 309 F.3d at 247. The Section 1610(c) order sought by Titan would be purely

anticipatory and serve no actual enforcement purpose.  Accordingly, Titan's request for a Section

1610(c) order should be denied.

## CONCLUSION

For the foregoing reasons, Titan's Motion should be denied.

Dated: May 20, 2026
      New York, New York

                        Respectfully submitted,

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

                        Carmine D. Boccuzzi, Jr. (NY0335)
                        One Liberty Plaza
                        New York, New York 10006
                        (212) 225-2508
                        cboccuzzi@cgsh.com

                        Rathna J. Ramamurthi (90002660)
                        2112 Pennsylvania Ave, N.W.
                        Washington, DC 20037
                        (202) 974-1500
                        rramamurthi@cgsh.com

                        *Attorneys for the Republic of Argentina*