**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Titan Consortium 1, LLC,

*Petitioner*,

v.                                                    Civil Action No. 1:21-cv-02250 (JMC)

The Argentine Republic,

*Respondent*.

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S**
**MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Petitioner Titan Consortium 1, LLC ("Titan") respectfully submits this Reply in Support of

Petitioner's Motion for Relief pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963, Dkt. No. 37

("Motion" or "Mot.") and in response to the Opposition filed by Respondent the Republic of

Argentina, Dkt. No. 39 ("Opp.").

**PRELIMINARY STATEMENT**

Nearly a year and a half has elapsed since this Court entered judgment in favor of Titan on

December 10, 2024. Before execution activities can begin against a foreign sovereign, Section

1610(c) requires only that the foreign sovereign be provided "reasonable time" either to pay the

judgment or post a supersedeas bond. 28 U.S.C. § 1610. But since this Court issued its judgment,

Argentina has neither taken steps to pay the judgment nor posted a supersedeas bond, and eighteen

months far exceeds the amount of time courts in this district have found reasonable. Argentina's

argument that Section 1610(c) relief can be issued only in connection with the issuance of an order

attaching a particular piece of property is contrary to the established practice of this Court and has

1

no support in the law.  While a Section 1610(c) order can be issued in connection with an asset seizure, it need not be.

Titan likewise has well surpassed the "minimal" threshold for establishing good cause to register the judgment in other districts.  Argentina acknowledges that whatever executable assets it might have in this district are insufficient to satisfy the judgment.  And, despite Argentina's protestations to the contrary, available evidence suggests that Argentina may have executable assets in other judicial districts, including the Southern District of New York.  Indeed, even on Argentina's telling, as of just a few months ago, Argentina had hundreds of millions of dollars of property in that district.  That is more than enough to establish "good cause" under Section 1963. Again, Argentina's assertion that "good cause" requires a judgment-creditor to identify a specific and currently-executable asset in another district lacks support in the law.

Titan's motion should be granted.

## ARGUMENT

**A. The Court Should Find That a "Reasonable Period of Time" Has Elapsed Since the Entry of Judgment and Permit Titan to Begin Execution Activities.**

Nearly eighteen months have elapsed since this Court's December 10, 2024, Judgment, Dkt. No. 31.  Eighteen months far exceeds the period that courts typically consider to be "reasonable" under Section 1610(c).  As explained in Titan's Motion for Relief, courts have found that a "reasonable period of time" can be a "'period of a few months'" or even "as short as six weeks."  *See* Dkt. 37, at 8; *see also*, *e.g.*, *LLC SPC Stileks v. Republic of Mold.*, 2023 WL 2610501, at *2 (D.D.C. Mar. 23, 2023) (citing *Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 108 (D.D.C. 2015)); *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks was reasonable); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2017

WL 6349729, at *1 (D.D.C. June 9, 2017) (60 days was reasonable); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months was reasonable); *Gadsby & Hannah v. Socialist Republic of Rom.*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months was reasonable). In this case, nearly eighteen months have elapsed since entry of judgment, well exceeding that range.

Moreover, since this Court's entry of Judgment, Argentina has taken no steps toward satisfying the Judgment. To the contrary, Argentina has completely failed "to assert that it is attempting to pay the judgment or provide any evidence of such efforts." *Crystallex*, 2017 WL 6349729, at *1. This "absence of progress towards paying a judgment weighs against an extended pause prior to permitting attachment." *Id.* As Judge Bates recently held, "especially where the judgment-debtor offers no evidence that it is making efforts to pay," "a period of three months generally satisfies § 1610(c)'s reasonable time requirement." *See Blasket Renewable Invs., LLC v. Kingdom of Spain,* No. CV 20-817 (JDB), 2026 WL 1298155, at *5 (D.D.C. May 12, 2026).

Argentina's contention (at Opp. 6) that a Court may issue a Section 1610(c) order "only as part of issuing an attachment order based on an application to attach or execute upon a specific asset," is baseless. Indeed, this Court, in a case Argentina cites (without acknowledging this holding), Opp. 7, has rejected precisely this argument: "Moldova maintains that this Court is not the proper forum to issue a § 1610(c) order at all because such an order can only come from the court actually ordering attachment and execution of assets. … Courts in this district routinely issue § 1610(c) orders before the moving party has identified or sought to execute any specific assets." *LLC SPC Stileks*, 2023 WL 2610501, at *3. *See also Blasket*, 2026 WL 1298155, at *5; *Blasket Renewable Invs., LLC v. Kingdom of Spain*, Civ. A. No. 20-1081, 2026 WL 1236125, at *6 (D.D.C. Apr. 10, 2026); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015).

3

Argentina invokes the Fifth Circuit's decision in *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240 (5th Cir. 2002), at Opp. 7, but that case is not remotely to the contrary. That case involved a Section 1610(c) order issued by a New York State court that purported to authorize the creditor to execute against "any assets or other property of the Congo of any nature, irrespective of the use or intended use of such property ... including any ... payments or obligations due to the Congo from any oil and gas exploration and development companies...." *Id*. at 247. The issue before the Fifth Circuit was whether the New York court's findings that Congo's property was amenable to attachment was entitled to *res judicata* effect in a later Texas action to seize oil and gas royalties. And the Fifth Circuit unsurprisingly held that the "findings" of the New York state court were not determinative of the Texas action because "those determinations were not in any way necessary to the money judgment sought by the pleadings." *Id.* at 249. Nothing in that Fifth Circuit decision casts doubt on this Court's long-established practice of issuing Section 1610(c) orders that determine that a reasonable time has elapsed such that the creditor may undertake the execution processes that the Foreign Sovereign Immunities Act permits.

Finally, there is no merit to Argentina's suggestion that the "specific facts" of this case—namely its pending appeal—demand a waiting period longer than 18 months. Opp. 7. Argentina cites no authority that supports such a proposition. In reality, "it is wholly irrelevant to a § 1610(c) analysis whether a party elects to appeal the district court's judgment because 'the passage of a reasonable time [is] specifically tethered to the event of the entry of judgment.'" *Wye Oak Tech., Inc. v. Republic of Iraq*, 2023 WL 7112801, at *3 (D.D.C. Oct. 27, 2023). And as Judge Bates recently held, a foreign sovereign's "protests that a reasonable period has not passed because it has

a pending appeal before the D.C. Circuit" is "immaterial to the Court's analysis because § 1610(c) speaks only in terms of 'time,' not procedural checkpoints." *Blasket*, 2026 WL 1298155, at *6.

For the foregoing reasons, the Court should find that a reasonable period of time has passed since this Court's entry of Judgment and should enter an order under Section 1610(c) permitting Titan to undertake execution activities as the FSIA permits.

## B. The Court Should Authorize Titan to Register the Judgment in Other Judicial Districts

Good cause exists under 28 U.S.C. § 1963 to permit registration outside this District. As Titan explained in its Motion for Relief, "good cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Crystallex*, 2017 WL 6349729, at *2; Dkt. No. 37 at 12. And as Titan also explained, the "defendant's failure to post a supersedeas bond" and its "post-judgment 'track record,'" are relevant to the good cause analysis" and, indeed, can "independently satisfy § 1963's good-cause requirement." *Wye Oak*, 2023 WL 7112801, at *7 n.7. Here, Argentina has not posted a supersedeas bond, nor has it taken any steps to pay this Court's Judgment, nor has it offered any assurance that it will voluntarily pay the Judgment at any point in the future. And Argentina does not dispute the insufficiency of non-immune assets in the District of Columbia.

Argentina's opposition to Section 1963 relief thus turns entirely on its contention that Titan has failed to demonstrate that Argentina "possesses assets elsewhere." Opp. 8. But Argentina's argument misapprehends the Judgment creditor's "minimal" burden to establish good cause. *See Bavelis v. Doukas*, 2021 WL 3508078, at *2 (S.D. Ohio Aug. 10, 2021). "A judgment creditor need not provide exact evidence of the debtor's assets, and good cause may be supported by a 'lesser showing.'" *Capitol Recs., Inc. v. MP3Tunes, LLC*, 2015 WL 4557414, at *1 (S.D.N.Y.

5

July 6, 2015).  Indeed, "this and other courts have found sufficient declarations containing no more than counsel's assertion, on information and belief, that attachable assets exist in other districts."  *Blasket Renewable Investments v. Kingdom of Spain*, 20-cv-1081 (BAH) Dkt. No. 126 at 16-17 (quoting *Mwila v. Islamic Republic of Iran*, 2019 WL 13134796, at *2 (D.D.C. May 15, 2019)); *see, e.g.*, *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (finding a declaration sufficient to establish good cause); *Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (same).

Here, Argentina has no response whatsoever to the declaration filed by Titan's counsel that describes Titan's diligent efforts to locate attachable assets by retaining qualified investigators, who conducted an extensive search in the District of Columbia and determined that sufficient non-immune assets do not exist here.  Dkt. No. 37-1 at ¶¶ 2-5.  Nor does Argentina dispute the conclusion of Titan's investigators that New York—given its status as a global financial center—is a likely location of substantial Argentine assets.  Dkt. 37-1 at ¶ 4.  Nor could it, given that Argentina reportedly has been engaged in discussions major New York-based investment banks for a multi-billion-dollar financing package.[1]

Rather than challenge Titan's declaration with contrary evidence or sworn declarations of its own, Argentina "drastically overstate[s] the showing that [Titan] must make to obtain relief."  *See Wye Oak*, 2023 WL 7112801, at *8.  But "in the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed true."  *Jamil v. SPI Energy Co., Ltd.*, 2017 WL 4326065, at *2 (S.D.N.Y. Sep. 8, 2017).  And this Court frequently has

---

[1] *Banks in Talks with U.S. Treasury to Lend $20 Billion to Argentina*, Reuters (Oct. 16, 2025), https://www.reuters.com/business/finance/banks-talks-with-us-treasury-lend-20-billion-argentina-semafor-reports-2025-10-16/.

found declarations similar to those proffered by Titan to be sufficient to establish good cause. *See Blasket*, 2026 WL 1298155, at *5; *Blasket*, 2026 WL 1236125, at *6–8.

In its effort to amplify Titan's "good cause" burden, Argentina faults Titan for contending that Argentina has a remaining property interest in the Brady Bonds collateral account at the New York Federal Reserve, suggesting that all such property has been transferred to other creditors of Argentina. Opp. 4. But according to the filings in the *Bybrook* case that Argentina cites, there remains at the Federal Reserve Bank of New York "$7 million of the Remaining Brady Collateral Funds" known in that litigation as the "Remaining Interest Collateral Funds" in which, at least as of April 2, 2026, Argentina may have a reversionary interest. *See Bybrook Cap. Master Fund LP v. The Republic of Argentina,* No. 21-cv-02060-LAP (S.D.N.Y. Apr. 2, 2026), Dkt. 74 at 4. Argentina's suggestion that this factual dispute should have been resolved in a meet-and-confer process is baseless. This Court's Rule 7.1(m) requires the moving party to attempt to determine "whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Local Rule 7.1(m). Titan fulfilled that obligation by informing Argentina of Titan's intention to file this motion and obtaining Argentina's position on Titan's request for relief. Argentina stated it opposed the relief sought by this motion; it did not inquire as to the basis of Titan's motion or otherwise indicate that its opposition to Titan's motion for relief under Section 1963 might depend on Titan's arguments for "good cause." And as Argentina's opposition makes plain, it did not.

In any event, there can be no serious dispute that Argentina, until very recently, had hundreds of millions of dollars in New York, and it is actively seeking billions of dollars of fresh capital. And nowhere in Argentina's opposition does it assert that it has *no* assets in New York. When combined with Titan's unrebutted declaration of the efforts and findings of its investigators,

7

and particularly when viewed against the background of Argentina's poor post-judgment track record, Argentina's non-denial satisfies the minimal threshold for "good cause" under Section 1963.

## CONCLUSION

For the foregoing reasons, the Court should: (a) grant Titan's Motion for Relief Pursuant to 28 U.S.C. § 1610(c), finding that a reasonable period of time has elapsed following entry of the Judgment; and (b) grant Titan's request pursuant to 28 U.S.C. § 1963 authorizing Titan to register the Judgment in other judicial districts.

Dated:  June 3, 2026
        Washington, D.C.

Respectfully submitted,

By: */s/ Matthew D. McGill*
    Matthew D. McGill, D.C. Bar #481430
    Matthew.mcgill@kslaw.com
    KING & SPALDING LLP
    1700 Pennsylvania Ave., N.W. Suite 900
    Washington, DC 20006
    Telephone: 202.626.2644

    *Attorneys for Titan Consortium 1, LLC*