**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TITAN CONSORTIUM 1, LLC,<br><br>Petitioner,<br><br>v.<br><br>ARGENTINE REPUBLIC,<br><br>Respondent. | Case No. 21-cv-2250 (JMC) |

**MEMORANDUM OPINION**

On December 10, 2024, the Court granted Petitioner Titan Consortium 1, LLC (Titan)'s motion for summary judgment, confirming an arbitration award against Respondent, Argentine Republic (Argentina), and entering judgment in Titan's favor. ECF 31. Titan now plans to seek attachment of Argentina's assets in execution of the judgment. As a preliminary step, Titan seeks an order from this Court demonstrating that it has complied with the requirements of 28 U.S.C. § 1610(c), including the requirement that a court determine that "a reasonable period of time has elapsed" since judgment was entered. ECF 37 at 5. Because Titan has satisfied the requirements for a § 1610(c) order, the Court will **GRANT** Titan's motion.[1]

## I. BACKGROUND

On December 10, 2024, the Court confirmed Titan's arbitration award against Argentina and entered judgment for Titan in the amount of USD 390,907,115.55. ECF 31. The Court further ordered that post-judgment interest would accrue under 28 U.S.C. § 1961 from the date of

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion by, for example, altering capitalization or omitting internal quotation marks, emphases, citations, and alterations. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

judgment to the date of payment in full. *Id.* In the twenty-one months that have elapsed since, Argentina has apparently made no effort to pay the judgment. *See* ECF 37 at 5, 14. On April 29, 2026, Titan filed a motion for relief under 28 U.S.C. § 1610(c). ECF 37.[2]

## II. LEGAL STANDARD

The Foreign Sovereign Immunities Act bars any "attachment or execution" against certain types of foreign property until a court has ordered that such actions are permissible. 28 U.S.C. § 1610(c). Specifically, a court must determine that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under" 28 U.S.C. § 1608(e). *Id.*; *see also Warmbier v. Dem. People's Republic of Korea*, No. 18-cv-977, 2019 WL 11276677, at *1 (D.D.C. Apr. 9, 2019) (explaining that a § 1610(c) order confirms that a court has "determine[d] (1) that a reasonable period of time has elapsed following entry of judgment, and (2) that any notice required under § 1608(e) has been given"). A description of the specific property against which attachment or execution is sought is not required. *Warmbier*, 2019 WL 11276677, at *1; *see also Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) ("Defendants note that plaintiffs' motion for enforcement [under § 1610(c)] does not contain a description of the property on which execution is sought. Such a description is not required."); *LLC SPC Stileks v. Republic of Moldova*, No. 14-cv-1921, 2023 WL 2610501, at *3 (D.D.C. Mar. 23, 2023) ("Courts in this district routinely issue § 1610(c) orders before the moving party has identified or sought to execute any specific assets.").

---

[2] In its motion dated April 29, 2026, Titan sought relief under both 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963. ECF 37. On July 21, 2026, the D.C. Circuit issued its mandate in *Titan Consortium 1, LLC v. Argentine Republic*, 182 F.4th 1038 (D.C. Cir. 2026), affirming this Court's conclusion that Titan's enforcement action was not barred by the relevant statute of limitations, and rendering the judgment final for purposes of 28 U.S.C. § 1963. *See* ECF 43. On September 11, 2026, Titan notified the Court that its request for relief under 28 U.S.C. § 1963 was moot and, as a result, withdrawn. ECF 42. The Court therefore addresses only Titan's request under § 1610(c).

## III. ANALYSIS

### A. A Reasonable Period of Time Has Elapsed.

Before allowing Titan to proceed with the attachment and execution of Argentina's U.S.-based property, the Court must determine whether "a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c). Section 1610(c) does not specify what constitutes a "reasonable period of time." *Id.* Instead, it leaves that assessment to the courts' discretion. *See id.* When determining whether a reasonable period of time has elapsed, a court "should consider the procedures the foreign state must take to pay the judgment, evidence that the foreign state is attempting to pay the judgment, and evidence that the foreign state is attempting to evade its obligation." *Eurofinsa, S.A. v. Gabonese Republic*, No. 23-cv-3013, 2025 WL 1650493, at *3 (D.D.C. June 11, 2025); *see also* H.R. Rep. No. 94-1487, at 30 (1976). Courts in this district have found that "a period of three months typically satisfies the reasonable time requirement under § 1610(c)." *Eurofinsa*, 2025 WL 1650493, at *3; *see also Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. 20-cv-129, 2021 WL 6644369, at *1 (collecting cases). And "courts are more likely to find a reasonable time has elapsed where no evidence of an attempt to pay judgment is offered." *Eurofinsa*, 2025 WL 1650493, at *3.

Here, twenty-one months have elapsed since the Court entered judgment for Titan—considerably longer than the three-month period that "typically satisfies the reasonable time requirement." *Id.*; *see* ECF 31. Moreover, though Argentina notes that it "has engaged in" post-judgment discovery, ECF 39 at 6, there is nothing in the record before the Court suggesting that Argentina has made any attempt to pay the outstanding judgment. Accordingly, the Court finds that "a reasonable period of time" has elapsed for purposes of § 1610(c).

Argentina's arguments that the Court should nonetheless deny Titan's motion do not persuade the Court. First, Argentina argues that its appeal of this Court's judgment to the D.C. Circuit makes Titan's § 1610(c) motion "premature." ECF 39 at 11. However, that appeal is no longer pending. *See Titan Consortium 1, LLC v. Argentine Republic*, 182 F.4th 1038 (D.C. Cir. 2026) (affirming this Court's conclusion that Titan's enforcement action is not barred on statute of limitations grounds). Even if it were still pending, "the possibility or pendency of an appeal is immaterial to the Court's analysis because § 1610(c) speaks only in terms of 'time,' not procedural checkpoints." *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 20-cv-817, 2026 WL 1298155, at *6 (D.D.C. May 12, 2026).

Argentina also contends that Titan's § 1610(c) motion is deficient because Titan "fails to identify any attachable asset within the District of Columbia." ECF 39 at 11. According to Argentina, § 1610(c) does not "contemplate . . . a two-step process [in which] an initial order from this Court find[s] that a reasonable period of time has elapsed [and then] a separate order from a court in another judicial district grant[s] attachment of specific property." *Id.* This Court disagrees. As noted above, Titan is not required to identify specific assets it seeks to attach to receive an order under § 1610(c). *See supra* Section II; *Warmbier*, 2019 WL 11276677, at *1; *Baker*, 810 F. Supp. 2d at 101; *LLC SPC Stileks*, 2023 WL 2610501, at *3. And courts in this district have consistently made clear that a § 1610(c) order "is not a writ of attachment or execution . . . . The order merely . . . finds that the requirements of § 1610(c) have been satisfied." *Agudas Chasidei Chabad of U.S. v. Russian Federation*, 798 F. Supp. 2d 260, 271 n.2 (D.D.C. 2011); *see also Warmbier*, 2019 WL 11276677, at *1 ("A § 1610(c) order . . . serves only to determine (1) that a reasonable period of time has elapsed following entry of judgment, and (2) that any notice required under § 1608(e) has been given."); *BCB Holdings Ltd. v. Gov't of Belize*, 232 F. Supp. 3d 28, 34 (D.D.C.

2017). "Any court, whether this or another, would be required to evaluate a proposed attachment of specific property . . . by reviewing the jurisdictional provisions of § 1610(a)–(b), as well as any other immunities that might apply." *Agudas*, 798 F. Supp. 2d at 271.

Twenty-one months have elapsed since this Court entered judgment against Argentina. It appears to the Court that Argentina has made no meaningful effort in that time to satisfy the judgment, which remains outstanding. And Argentina's arguments in opposition to Titan's request for relief under § 1610(c) are unavailing. Accordingly, the Court finds that "a reasonable period of time has elapsed following the entry of judgment" within the meaning of § 1610(c).

**B. Section 1608(e)'s Notice Requirement Is Inapplicable.**

Titan also easily meets the second requirement for a § 1610(c) order because no notice is required in this case under § 1608(e). Under § 1608(e), a litigant who obtains a default judgment against a foreign state must send a copy of the default judgment "in the manner prescribed for service" by the statute. 28 U.S.C. § 1608(e). But § 1608(e)'s notice requirement does not apply to Titan because the judgment Titan is seeking to enforce is not a default judgment. Argentina has appeared in this proceeding through its counsel, filed an answer to the complaint, and otherwise defended against this action. *See* ECF 10–12, 22, 26. Indeed, Argentina appealed the order of this Court confirming the arbitration award. ECF 32. As a result, the notice requirement imposed by § 1608(e) for default judgments does not apply here. *See LLC SPC Stileks*, 2023 WL 2610501, at *2 ("[B]ecause Moldova has been litigating the case, is well aware of the judgment, and has in fact appealed the Court's decision to grant the petition, no further notice is required."); *Baker*, 810 F. Supp. 2d at 101 ("[N]o further notice of the final judgment was required after the defendants filed an appearance in the case and noted their appeal."). Titan has thus met the requirements for a § 1610(c) order.

* * *

For the foregoing reasons, Titan's motion for an order under 28 U.S.C. § 1610(c), ECF 37, as modified by its notice of withdrawal, ECF 42, is **GRANTED**. The court finds that "a reasonable period of time has elapsed following the entry of judgment," 28 U.S.C. § 1610(c), and that notice under § 1608(e) is not required in this case. Accordingly, it is hereby **ORDERED** that Titan may now seek attachment or execution, pursuant to 28 U.S.C. § 1610(a)–(b), to satisfy the Court's judgment.

A separate order accompanies this memorandum opinion.

JIA M. COBB
United States District Judge

Date: September 25, 2026